**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JESSICA L. R. P.,

                Plaintiff,

v.                                                                    5:22-cv-01087
                                                                      (AMN/TWD)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                               **HOWARD D. OLINSKY, ESQ.**
250 South Clinton St., Suite 210
Syracuse, NY 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**                  **CANDACE BROWN CASEY,**
6401 Security Boulevard                             **ESQ.**
Baltimore, MD 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

Currently before the Court is a motion by Plaintiff Jessica L. R. P.[1] for her attorney, Howard

D. Olinsky ("Petitioner"), to receive attorney's fees pursuant to the Social Security Act, 42 U.S.C.

§ 406(b)(1) (the "SSA").  Dkt. No. 19 (the "Motion").  Defendant Commissioner of Social Security

("Defendant") neither supports nor opposes the requested relief.  *See* Dkt. No. 21.

For the reasons set forth herein, the Court grants the Motion in its entirety.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

1

## II.    BACKGROUND

On October 21, 2022, Plaintiff filed this civil action seeking review of the Commissioner's final decision to deny her application for Social Security Disability Insurance benefits under the SSA.  Dkt. No. 1.  On April 11, 2023, Senior United States District Judge Gary L. Sharpe reversed the Commissioner's final decision as stipulated by the parties and remanded this action to the Commissioner for further administrative proceedings.  Dkt. No. 13.  On July 6, 2023, the parties stipulated to an award of attorney's fees, and the Judge Sharpe thereafter awarded a total of $6,549.88 in attorney's fees to Petitioner pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. No. 18.

On July 12, 2025, the Social Security Administration (the "Administration") issued Plaintiff a Notice of Award.  Dkt. No. 19-3 at 1-9 (the "Award").[2]  Pursuant to the Award, the Administration will pay Plaintiff a lump sum of past-due benefits as well as a monthly benefit going forward.  *See id.* at 4-5.  The Administration also withheld $16,367.75 from Plaintiff's past-due benefits to pay her representative.  *Id.* at 7.  On October 6, 2025, the Administration issued Plaintiff another Notice of Award concerning past-due benefits for Plaintiff's child N.Z.O.  *Id.* at 10-14 (the "Child's Award").   The Administration withheld $4,581.75 in case Plaintiff's representative asked the Court "to approve a fee for the work that was done before the Court."  *Id.* at 11.  On October 30, 2025, this case was reassigned to the undersigned.  Dkt. No. 20.

Presently before the Court is Petitioner's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A) ("Section 406(b)"), which authorizes a court to grant a "reasonable fee . . . not in excess of [twenty-five] percent of the total of past-due benefits" awarded by a

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

favorable Social Securities judgment.  42 U.S.C. § 406(b)(1)(A).  Petitioner has represented

Plaintiff on a contingency-fee basis pursuant to a fee agreement dated October 18, 2022, whereby

Plaintiff agreed to compensate her counsel in the amount of twenty-five percent of past-due

benefits awarded pursuant to Section 406(b).  Dkt. No. 19-2 at 2.  Plaintiff's past-due benefits

under the Award were $42,284.00, and past-due benefits under the Child's Award were

$18,327.00, which adds up to a past-due benefits total of $60,611.00.  Dkt. No. 19-1 at ¶ 4.

Twenty-five percent of the total past due benefits is $15,152.75.  *See id.* at ¶ 5.  After accounting

for a previously approved fee in the amount $7,200.00 for representation at the adminitrative

level, Petitioner seeks attorney's fees in the amount of $7,952.75.  *See id.* at ¶¶ 6-7.

### III.    STANDARD OF REVIEW

The SSA provides that "[w]henever a court renders a judgment favorable to a

claimant . . . who was represented before the court by an attorney, the court may determine and

allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-

five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such

judgment[.]"  42 U.S.C. § 406(b)(1)(A).  "The Second Circuit identified the following factors for

a court to consider as a basis for refusing to approve the full amount requested under a contingency

fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether

there was fraud or overreaching in the making of the agreement; and (3) whether the requested

amount is so large as to be a windfall to the attorney."  *Karla B. v. Berryhill*, No. 18-cv-1273, 2020

WL 3047517, at *2 (N.D.N.Y. June 8, 2020) (citation omitted).  "Moreover, the Second Circuit

has noted that a district court 'must give due deference to the intent of the parties.'"  *Id.* (quoting

*Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).  Indeed, the Supreme Court has explained

that, "most plausibly read, [Section] 406(b) does not displace contingent-fee agreements as the

primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Ben D. v. Saul*, No. 15-cv-1114, 2020 WL 1935553, at *2 (N.D.N.Y. Apr. 22, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)) (alterations omitted).  Rather, a district court's review of such agreements is "an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

## IV.    DISCUSSION

The Court's "determination of a reasonable fee under [Section] 406(b) must begin with the contingency fee agreement[.]" *Ben D.*, 2020 WL 1935553, at *2 (quoting *Wells*, 907 F.2d at 370). "Where there is a contingency fee agreement in a successful social security case, . . . the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Fields v. Kijakazi*, 24 F.4th 845, 852-53 (2d Cir. 2022) (citation omitted).

Here, pursuant to the contingency fee agreement, Petitioner seeks an award of $7,952.75, which is the remainder of twenty-five percent of the past-due benefits that the Administration awarded Plaintiff after accounting for $7,200.00 that was previously approved.  Dkt. No. 19-1 at ¶¶ 6-7.  The Court finds no indication that the requested fee is out of line with the representation or the results that Petitioner achieved, nor is there any suggestion that counsel delayed or attempted to delay resolution of this litigation.  Additionally, there is no evidence in the record that Petitioner engaged in fraud or overreaching to arrive at this result.

Petitioner states that attorneys and paralegals spent a total of 32.8 hours on Plaintiff's case before this Court.  *See id.* at ¶ 9.  Petitioner further states that the total number of hours spent on Plaintiff's case is comprised of 27.2 hours of attorney time and 5.6 hours of paralegal time.  *Id.* Deducting the paralegal time billed at $100 an hour results in an effective hourly attorney rate of

4

$271.79. *Id.* This hourly rate is within the range of what courts generally consider to be reasonable in a case with experienced counsel who provided quality and efficient representation. *See, e.g.*, *Fields*, 24 F.4th at 854-56 (approving *de facto* rate of $1,556.98 as reasonable); *Michael N. v. Comm'r of Soc. Sec.*, No. 23-cv-175, 2025 WL 1519316, at *2 (May 28, 2025) (approving *de facto* hourly rate of $2,000 and noting that "the Second Circuit has approved similar *de facto* rates in light of the nature of these cases"); *Kristen E. H. v. Comm'r of Soc. Sec.*, No. 21-cv-962, 2023 WL 122612, at *3 (N.D.N.Y. Jan. 6, 2023) (approving $1,197 *de facto* hourly rate and collecting cases approving comparable or higher rates).

Indeed, Petitioner "has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court." *David L. J. v. Comm'r of Soc. Sec.*, No. 21-cv-415 (AMN/ML), 2025 WL 2531362, at *2 (N.D.N.Y. Sept. 3, 2025) (referring to Petitioner). The Court also notes that Defendant does not oppose the Motion. *See* Dkt. No. 21 at 1. Accordingly, the Court finds that Petitioner's requested amount in attorney's fees is reasonable.

Lastly, when an attorney successfully seeks fees under both the SSA and EAJA, the attorney must refund the smaller of the awards to the plaintiff. *See Ben D.*, 2020 WL 1935553, at *1 n.2; *see also Wells v. Bowen*, 855 F.2d 37, 42, 48 (2d Cir. 1988) (noting that parties "may seek fees under both provisions, as long as the attorney, if successful, gives the smaller of the two awards to his or her client"). Petitioner has indicated that he will refund the attorney's fees under the EAJA to Plaintiff. *See* Dkt. No. 19-1 at 3. Accordingly, the Court additionally orders Petitioner to refund EAJA attorney's fees totaling $6,549.88 to Plaintiff.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Petitioner's motion for an award of attorney's fees under 42 U.S.C. § 406(b)(1), Dkt. No. 19, is **GRANTED in the amount of $7,952.75** to be paid from the amount withheld by the Administration from Plaintiff's past-due benefits; and the Court further

**ORDERS** that, upon receipt of the $7,952.75 in attorney's fees, Petitioner is directed to immediately refund Plaintiff the EAJA fee award of $6,549.88; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 29, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

6